**B. L. HOLMAN and JOHN L. SMITH, INC., a corporation, v. CITY OF FORT PIERCE, a municipal corporation under the laws of Florida.**

19 So. (2nd) 58                                        June Term, 1944
July 25, 1944                                          Division A
Rehearing denied September 12, 1944

*Carlton & Ellis,* for appellant.

*G. R. Nottingham,* for appellee.

PER CURIAM:

The point involved in this controversy is the full cash value as of January 1, 1943, of a described vacant or unimproved lot situated in the City of Fort Pierce, Florida. The City placed an assessment value on the property in the sum of $905.00, while the County of St. Lucie, operating

under similar principles of law, placed the lot on its tax roll at the sum of $500.00. Frequently conflicts of views occur and develop in the common effort to reach a valuation of property for taxation purposes. See Schleman v. Connecticut General Life Ins. Co., 151 Fla. 96, 9 So. (2nd) 197.

It is disclosed by the record that the owners acquired the vacant lot property during the Florida boom years and have paid as carrying charges on the property over these years a greater sum, apparently, than the property can be sold for on the market. The owners have kept the property listed with real estate dealers, but unfortunately a sale has not materialized. One group of witnesses fixed the value of the lot for taxation purposes at the sum of $905.00, while the other group of witnesses fixed the value of the same property for taxation purpose at the sum of $500.00. The chancellor heard the parties, studied the record and reached the conclusion that the assessment made by the City of Fort Pierce in the sum of $905.00 should not be disturbed. We cannot say on this record that such a holding constitutes reversible error. Vacant or unimproved property as here involved usually is not desired for investment purpose when other more attractive fields for investments can be had or obtained. The owners of the vacant or unimproved lot at the close of the boom possibly would have been in a better financial position, when considering the carrying charges of this property, to have abandoned the investment and charged the losses off as of the boom period.

Affirmed.

BUFORD, C. J., TERRELL, CHAPMAN and ADAMS, JJ., concur.