122 So.2d 571 (1960)
William R. MATTHEWS, As Administrator of the Estate of Elizabeth Charity Matthews, Deceased, Appellant,
v.
Olive M. MATTHEWS et al., Appellees.
No. 1605.
District Court of Appeal of Florida. Second District.
July 15, 1960.
Rehearing Denied September 7, 1960.
Graham P. Stansbury, Davis & Stansbury, St. Petersburg, for appellant.
Sam H. Mann, Jr., Mann, Harrison, Mann & Rowe, St. Petersburg, for appellees.
MOODY, JAMES S., Associate Judge.
William R. Matthews, as administrator of the Estate of Elizabeth Charity Matthews, deceased, appellant herein, filed his first amended complaint against Olive M. Matthews and Soft Water Laundry, Inc., a Florida corporation, seeking an accounting and the appointment of a receiver purportedly *572 alleging certain fraudulent activities on the part of one or both defendants. Upon motion to dismiss for failure to state a cause of action against the defendant corporation and lack of jurisdiction over the defendant Matthews, a non-resident of the State of Florida, the lower court dismissed the action with prejudice. This appeal was taken therefrom.
The amended complaint alleged that in 1927 the decedent, Elizabeth Charity Matthews, mother of defendant, Olive M. Matthews, transferred certain real and personal property in New York having a value of $20,000 to Alliance Investment Corporation, a family corporation organized under the laws of Florida, in exchange for two shares of stock in said corporation; that defendant Matthews was secretary of said corporation and until its dissolution in 1953 managed and controlled the same; that about the time of decedent's death in 1947 (the actual alleged time in the complaint being contradictory) the two shares of stock were fraudulently removed from the mother's name and placed in the daughter's name without notice or remuneration; that said daughter eventually became the owner of all 84 shares of stock issued in said corporation; that said corporation was dissolved in 1953 by the defendant Matthews and assets of over one million dollars transferred to said defendant without notice to deceased's estate.
It was further alleged that Alliance Investment Corporation was sole stock holder of Soft Water Laundry, Inc. and that various assets were transferred by the former to the latter for a grossly inadequate consideration under the direction of defendant Matthews. It was further contradictorily alleged that at the time of the transfers that defendant Matthews was a majority or sole stock holder of Soft Water Laundry, Inc.; that said corporation was the alter ego of defendant Matthews and that the actions of defendant Matthews were fraudulently made with the intent to deprive the deceased's estate of certain assets. It is noted there were no allegations of any fraudulent acts on the part of defendant Soft Water Laundry, Inc., as such, made or taken with the intent to defraud the plaintiff other than indirectly through the contradictory allegations that said corporation was the alter ego of defendant Matthews.
Turning to the disposition of the first question raised as to whether or not the lower court properly dismissed the complaint as to the defendant corporation and keeping in mind that fraud must be alleged with particularity, we agree that the allegations of wrongdoing on the part of such defendant are too vague and indefinite as to state a cause of action. The complaint first alleged Alliance Investment Corporation to be the sole stock holder of defendant Soft Water Laundry, Inc. at the time of the alleged transfers. However, it next alleged defendant Matthews was the majority stock holder in Soft Water Laundry, Inc. at such times and lastly that she was the sole stock holder in defendant corporation. Construing the complaint more strongly against the pleader, if such corporation was wholely owned by Alliance Investment Corporation at the time of the alleged transfer it is hard to understand how this would have injured plaintiff. To the contrary if plaintiff had an interest in Alliance Investment Corporation and defendant Matthews fraudulently transferred assets of such corporation to another corporation which was her alter ego then the corporate veil of the latter corporation would be pierced to present fraud. Advertects, Inc. v. Sawyer Industries, Fla. 1955, 84 So.2d 21.
The next question posed by appellant is whether or not the lower court had jurisdiction over defendant Matthews, a non-resident of the State of Florida. Plaintiff attempted to obtain service of process on defendant Matthews by serving the Secretary of State pursuant to Section 47.16 and 47.30, Florida Statutes 1957, F.S.A., alleging said defendant to be a resident of Georgia but that the cause of *573 action arose out of the activities of the defendant in doing business in Florida. Section 47.16 in part provides for service in the manner prescribed upon
"* * * any * * * persons * * who are residents of any other state * * * and any person who is a resident of this State and who subsequently becomes a nonresident of the state or conceals his whereabouts * * * in any action, suit or proceeding against them, or either of them arising out of any transaction or operation connected with or incident to such business or business venture."
In essence plaintiff alleged defendant Matthews was doing business in Florida during the times in question in that while a resident of Florida she was managing the affairs of Alliance Investment Corporation and Soft Water Laundry, Inc.; that she acquired corporate, other personal property and real estate while a Florida resident and that her business activities in Florida included the purchase, sale, leasing, renting and managing real estate and personal property and that this proceeding arose out of a transaction or transactions connected with or incidental to such business, namely the alleged fraudulent acquisition of such properties by defendant.
Whether or not plaintiff has brought himself within the statute must be determined solely from the case as made by the allegations of the amended complaint. It is our opinion and we so hold that plaintiff has brought himself within the statute. It is noted the statute by its latest amendment specifically includes transactions by a resident of Florida while such a resident and who thereafter becomes a non-resident or conceals himself. Although certain of the individual acts of the defendant as related to each separate property involved may or may not be classified as a business venture when considered collectively her activities show a general course of employment and conduct of carrying on her own personal business activity in this state for her own pecuniary benefit or livelihood. This would properly be classified as "carrying on a business." Although the terms "business" and "business venture" have been said to mean the same thing, namely "business," the term "business venture" is generally applied to one subject matter or undertaking while the term "business" is broader in scope denoting a variety of subjects, transactions or undertakings. State ex rel. Weber v. Register, Fla. 1953, 67 So.2d 619.
Quite obviously some of the activities alleged on the part of the defendant are business ventures within the meaning as previously given by Florida courts. It might be said that the alleged fraudulent activities on the part of the defendant Matthews should be classified as a business venture by defendant Matthews of attempting to defraud one who rightfully imposed trust and confidence in her. In State ex rel. Weber v. Register, supra, the purchase of a piece of property and subsequent listing with a real estate broker for sale was held to come within the terms of the statute. Again in Wm. E. Strasser Construction Corporation v. Linn, Fla. 1957, 97 So.2d 458, a non-resident was held to be engaged in a "business venture" upon the execution of a construction contract for the erection of an apartment house for rental purpose. See also McGee v. Industrial Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.
The final question is whether or not the complaint should have been dismissed with prejudice as to the defendant Soft Water Laundry, Inc. The defendant Matthews admitted that the order of the lower court was in error in this particular as to her since a dismissal for lack of jurisdiction does not operate as an adjudication on the merits. The plaintiff had filed only one prior complaint against the defendant Soft Water Laundry, Inc. which was dismissed upon motion with leave to amend. *574 Leave to amend should not be denied unless the privilege has been abused or the complaint is clearly not amendable. Fouts v. Margules, Fla.App. 1957, 98 So.2d 394, Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366. It does not appear that the plaintiff cannot state a cause of action against the defendant Soft Water Laundry, Inc. so the dismissal should not have been with prejudice.
The decree is hereby reversed and the cause remanded with the direction that the plaintiff be allowed to file an amended complaint and that further proceedings be had not inconsistent herewith.
ALLEN, C.J., and SHANNON, J., concur.