PER CURIAM.
Walter Hajec and Hattie Hajec,- his wife, filed a complaint, in equity, for a declaratory decree and other relief against the Town of Medley, Florida, a municipal corporation, its mayor and town council. A- motion to dismiss the complaint was granted, with leave to amend, and an amended complaint was filed.
The defendants’ motion to dismiss the amended complaint was also granted. In *836 the order granting this motion to dismiss, the trial court found that the amended complaint was without equity; that the method chosen to attack the existence of the municipal corporation was improper, and that Section 167.44, Florida Statutes, F.S.A., does not restrict a municipal tax assessment to or below the county assessment, citing Holman v. City of Fort Pierce, 1944, 154 Fla. 743, 19 So.2d 58. It is this order that the plaintiffs seek to have reviewed.
The plaintiffs’ amended complaint alleged, inter alia, that the defendants, without consideration of the general laws of Florida, as well as the ordinances of the Town of Medley, unlawfully and illegally, in the year 1963, assessed the plaintiffs’ property for tax purposes in such a manner that the valuation by Medley was approximately five times greater than that of Dade County. It was alleged that in 1964 the Town of Medley assessed the plaintiff’s land at a disproportionate amount which was even greater than the previous year.
The plaintiffs paid the 1963 taxes under protest and refused to pay the 1964 taxes assessed by the defendants, who then threatened to confiscate the property of the plaintiffs to pay the assessment. The taxes for 1964 were then tendered into the Registry of the Court under protest.
There is no validity to the plaintiffs’ contention that Section 167.44 restricts the Town of Medley in the assessment of its municipal taxes. This statute, enacted in 1883, was prior to the adoption in 1938 of Art. IX, Sec. 2, Florida Constitution, F.S.A., which abolished ad va-lorem taxes upon real property by the State of Florida. Thus, a state ad va-lorem tax assessment has not been required since the adoption of that portion of the Constitution, and the statute would not apply. There was no attack made on the legality of the statute before the chancellor, and we therefor do not pass upon its validity.
The amended complaint also challenged the legality of the corporate existence of the Town of Medley, in that the provisions of the Dade County Home Rule Charter were not complied with in the adoption of its charter. This portion of the complaint was properly dismissed, inasmuch as it attempted to attack the corporate existence of the Town of Medley by declaratory decree, when the proper remedy was by Quo Warranto. Heyward v. Hall, 1940, 144 Fla. 344, 198 So. 114.
We therefore conclude that the trial judge was correct in his order granting the dismissal of the cause for the reasons stated. However, it is our belief that the ends of justice will best be served by remanding the cause and giving the plaintiffs an opportunity to amend the complaint, insofar as the alleged illegal tax assessments by the defendants are concerned, as it does not clearly appear that the complaint is not amendable. See Pokress v. Tisch Florida Properties, Inc., Fla.App.1963, 153 So.2d 346; Matthews v. Matthews, Fla.App.1960, 122 So.2d 571.
On the present record, the judgment must be and it is hereby affirmed; however, this affirmance shall be without prejudice to the plaintiffs, within a time to be set by the trial court, to move for leave to amend the complaint to allege facts, if any, of illegal tax assessments by the Town of Medley, Florida. If such motion is made, the granting or denial of it, of course, will rest within the sound judicial discretion of the trial judge. Roberts v. Braynon, Fla.1956, 90 So.2d 623.
It is so ordered.