505 So.2d 539 (1987)
CHASE MANHATTAN BANK, Appellant,
v.
Kenneth S. CEBECK, Appellee.
No. BK-191.
District Court of Appeal of Florida, First District.
April 1, 1987.
Rehearing Denied May 5, 1987.
*540 Christine Rieger Milton and Christopher G. Burns of Mahoney, Adams, Milam, Surface & Grimsley, Jacksonville, for appellant.
Moses Meide, Jr., Jacksonville, for appellee.
PER CURIAM.
We affirm the trial court's denial of appellant's motion to quash service of process grounded upon appellee's failure to allege facts sufficient to establish jurisdiction under the "long-arm" statute, section 48.193, Florida Statutes (1985).
The holding of mortgages on real estate in Florida and collecting payments on those mortgages does not subject appellant to jurisdiction under section 48.181, 48.193(1)(a), Florida Statutes. Cf., Batavia, Ltd. v. United States, Etc., 393 So.2d 1207 (Fla. 1st DCA 1980) (creating or acquiring mortgages or other security interests in Florida real or personal property, and securing or collecting debts or enforcing rights in property securing the same, is not considered "transacting business" in this state under section 607.304(2)(g) and (h), Florida Statutes).
We further agree that the complaint fails to allege facts subjecting appellant to jurisdiction under the "solicitation or service activities" requirements of section 48.193(1)(f)1. Appellee's reliance on Lomas and Nettleton Financial Corporation v. All Coverage Underwriters, Inc., 200 So.2d 564 (Fla. 4th DCA 1967), is misplaced for two reasons: first, Lomas was not decided under section 48.193(1)(f)1; and second, the corporate defendant in that case was found to be "doing business" in Florida (under the statutory predecessor to section 48.181), based on the fact that it was engaged in the financing and construction of improvements to real property in Florida under an arrangement with its wholly-owned subsidiary with offices in Miami, and was also engaged in a "business venture" in Florida under the existing section 47.16, Florida Statutes.
On the other hand, as appellee urges, the complaint purports to state a cause of action based on tortious interference with a business relationship, thus establishing jurisdiction under section 48.193(1)(b), based on the commission of "a tortious act within this state." Reduced to bare essentials, and omitting allegations pertinent to the jurisdictional issue of whether appellant was "engaged in business" or "service activities" in Florida, the complaint alleges: Appellee Cebeck made a *541 written offer to purchase certain real property in Duval County, Florida, owned by Duval County Properties, Inc. (Duval), after being orally assured by Duval's president, Richard R. Byrne, that the price and terms agreed upon would be acceptable to appellant, The Chase Manhattan Bank, N.A. (Chase), which occupied the status of technical advisor to Duval's parent company, CMRCC, Inc., concerning such sales. Cebeck further alleged that the recommendations of Chase under its technical advisory agreement with CMRCC, Inc., are always followed; that Byrne, who was also a vice-president of Chase, subsequent to his representations to Cebeck and receipt of Cebeck's written offer of purchase, disclosed Cebeck's offer to Michael Svaldi, an agent of Chase, and instructed Svaldi to use Cebeck's offer to solicit higher offers from other prospective purchasers. Thereafter, Cebeck alleges, Chase caused Duval to reject Cebeck's offer, and the property was ultimately sold by Duval to another purchaser at a higher price than offered by Cebeck under his agreement with Byrne. But for Chase's intentional and wrongful interference and wrongful use of Cebeck's offer, he alleges, Duval would have accepted his offer.
The trial court found that the complaint stated a cause of action, a finding with which we are constrained to agree at this juncture, since we are unable to conclude that there is no theory under which appellee might conceivably be entitled to relief based on the circumstances disclosed by the complaint and reasonable inferences deducible therefrom. Landry v. Hornstein, 462 So.2d 844 (Fla. 3rd DCA 1985); Tamiami Trail Tours, Inc. v. Cotton, 432 So.2d 148 (Fla. 1st DCA 1983), vacated in part on other grounds, 463 So.2d 1126 (Fla. 1985). Further, again drawing all inferences favorable to the appellee, we conclude that the complaint may fairly be considered as alleging the commission of a tort, if one occurred, in Duval County, Florida, thus providing a basis for jurisdiction under section 48.193(1)(b), "Committing a tortious act within this state." The trial court therefore correctly denied the motion to quash service and motion to dismiss for lack of in personam jurisdiction.
AFFIRMED.
SMITH, L., THOMPSON and ZEHMER, JJ., concur.