**HOMESTEAD SAVINGS, a Federal Savings and Loan Association, Plaintiff,**

v.

**OZARK FINANCIAL CORPORATION, a Florida corporation, et al., Defendants.**

**No. 87–2322–Civ–JLK.**

United States District Court, S.D. Florida.

Oct. 28, 1988.

Ana Hernandez–Yanks, Miami, Fla., for Barry Yanks.

Goldstein & Tanen, P.A., Miami, Fla., for Horizon Financial Corp.

Mark A. Marder, Miami, Fla., for Jorge Fernandez.

Steven R. Brownstein, Miami, Fla., for Mayra and Ozaida Cabrera and Carlos Santamaria.

Gerald Silverman, Miami, Fla., for Lisa Barrett.

Joseph Grella and Grace Grella, Pembroke Pines, Fla., pro se.

Proenza, White, Huck & Suarez, P.A., Paul C. Huck, Miami, Fla., for plaintiff.

## ORDER DENYING MOTIONS TO DISMISS AND STRIKING DEMAND FOR PUNITIVE DAMAGES IN CROSSCLAIM

JAMES LAWRENCE KING, Chief Judge.

The Horizon Financial Corporation has filed two motions to dismiss. Both the motion to dismiss the plaintiff's complaint and the motion to dismiss the crossclaim of Fernandez present a complexing personal jurisdiction problem: Whether a non-resident bank establishes minimum contacts with the forum by entering into a mortgage repurchase agreement with a resident bank and other non-resident banks. After conducting a thorough review of the entire record, the court finds that Horizon has minimum contacts with the State of Florida such that the court's exercise of jurisdiction here will not offend "traditional notions of fair play and substantial justice."

As the plaintiff's complaint alleges, the focal point of this action is several fraudulent mortgage transactions. The twenty-three counts against thirty-three defendants are easily summarized. The plaintiff contends that the defendant Gonzalez and Jacoby set up a scheme in which they solicited the other individual defendants to obtain fraudulent mortgage financing for condominium units, located in Dade County, Florida. The financing defendants, the plaintiff contends, used misleading information to obtain sham mortgages from Ozark Financial Corporation. The plaintiff argues that Ozark knew that the mortgage proceeds far exceeded the actual value of the condominiums. Subsequently, the plaintiff alleges, Ozark Financial Corporation entered into a Mortgage Repurchase Agreement with the plaintiff, Homestead Savings. The terms of this agreement provided that Homestead was to buy certain mortgages from Ozark and that Ozark was to service the debts. Of particular importance here is the fact that Ozark made certain warranties by executing this contract. Shortly after the agreement was signed, the plaintiff contends, the repurchase contract was amended to allow Horizon Financial Corporation to become an additional debt servicer. The plaintiff argues that because of this amendment providing for the assumption of servicing duties, Horizon specifically warranted the same guarantees of the contract that

Ozark did. The plaintiff alleges that these warranties were breached when the plaintiff purchased the mortgages.

The Fernandez crossclaim centers upon different activities of Horizon. Fernandez alleges that he owned a condominium unit in Miami Beach, Florida, which was separate from the fraudulent mortgage scheme. Homestead possessed a mortgage on the unit, which it purchased from Ozark, and Horizon serviced this mortgage. Fernandez claims to have entered into a contract of sale that provided that the buyer was to assume this mortgage. Fernandez alleges that he demanded Horizon send him assumption papers. Fernandez maintains that Horizon never sent the papers and, consequently, the sale collapsed. Fernandez argues that because Horizon owed Fernandez a duty to provide these papers and this duty was breached, Fernandez was injured.

Horizon's motion to dismiss focuses upon the citizenship of the defendant's bank. Ozark is a Florida Corporation while Homestead is principally engaged in business in California and Horizon is an Oklahoma Corporation. Horizon argues that the mere contracting between a California business and an Oklahoma business to provide incidental servicing of debt in Florida does not subject Horizon to *in personam* jurisdiction in Florida. To challenge this court's exercise of jurisdiction, Horizon relies upon the affidavit of its president as well as the allegations in the complaint and crossclaim.

■ In a diversity action, a federal district court can exercise personal jurisdiction over a non-resident defendant only to the extent permitted by the long-arm statute of the forum state. *See Oriental Imports and Exports, Inc. v. Maduro and Curiel's,* 701 F.2d 889, 890 (11th Cir.1983). Of course, a court's exercise of personal jurisdiction over a non-resident defendant pursuant to any statute could never offend the due process clause of the Fourteenth Amendment. Accordingly, the exercise of long-arm jurisdiction must comply with "traditional notions of fair play and substantial justice." *International Shoe Co.*

*v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The court finds that the exercise personal jurisdiction here is permitted by the Florida Long–Arm Statute and does not offend the due process clause.

■ The court begins its analysis with a review of the Florida Long–Arm Statute. Fla.Stat.Ann. § 48.193(1) and (2) (West 1984) establish two types of personal jurisdiction. Under subsection (1), a non-resident defendant is subject to a court's jurisdiction if it does one of the enumerated acts and the claim arises from those acts. Under subsection (2), a non-forum defendant is subject to the court's jurisdiction if it engages in substantial and not isolated activity within Florida regardless of any nexus between this activity and the claim.

Neither the plaintiff nor Fernandez can subject Horizon to jurisdiction pursuant to Fla.Stat.Ann. § 48.193(2). As the affidavit of Horizon's president indicates, Horizon has no substantial contacts with Florida. Horizon is neither a Florida corporation nor does it maintain any office, employees, mailing addresses or agents within Florida. Horizon does not own any real estate here, nor does it conduct, operate or engage in any kind of business within the state of Florida. As such, Horizon has no substantial contacts with Florida, and would, at best, engage only in isolated activity here.

In contrast, the exercise of personal jurisdiction over the defendant Horizon is proper under Fla.Stat.Ann. § 48.193(1)(g). The allegations of the complaint and crossclaim, upon which Horizon relies to support its argument, indicate that Horizon breached two contracts by failing to perform acts required by the agreements to be performed in Florida. The complaint states that because Horizon assumed servicing obligations, it became responsible for the warranties contained within the sale/servicing agreement. The complaint implies that these warranties applied to mortgages of Florida real estate. The plaintiff further maintains Horizon breached these warranties. Similarly, the crossclaim states that Horizon breached a contractual duty.[1] Fernandez claims that Horizon as-

---

1. This conclusion is easily reached after considering Horizon's other challenges to Fernandez's crossclaim. Horizon characterizes Fernandez's claim as one sounding in negligence. Accordingly, Horizon states that because it owed no

duty to Fernandez from the mortgagor/mortgagee relationship, the negligence claim should be dismissed. If this indeed were the situation, the claim would be dismissed. The generic relationship between a mortgagor and a mortgagee

sumed all the mortgagor's obligations of the mortgage. Fernandez apparently alleges that the contract, therefore, obligated Horizon to send him the assumption papers in Florida, and because Horizon failed to do so, Horizon breached the agreement. Pursuant to Fla.Stat.Ann. § 48.193(1)(g), when a non-resident defendant breaches a contract by failing to perform acts that are contractually required to be performed in Florida, a court can exercise jurisdiction over that defendant. Accordingly, based on the allegations in the complaint and crossclaim, this court can exercise jurisdiction over Horizon.

None of Horizon's arguments or authorities persuade the court to take a contrary view. Aside from the allegations in the complaint and crossclaim, Horizon relies upon the affidavit of its president and several authorities that find the mere servicing of a debt to be an insufficient basis for personal jurisdiction. The affidavit of Horizon's president is of no assistance here. The president indicates that Horizon assumed the servicing obligations, but has no other contacts with Florida. This affidavit does not contradict the complaint's allegations that the assumption of the servicing requirements was also an assumption of the obligations under the warranties. The affidavit does not even address issues raised by the crossclaim. In addition, Horizon's authorities finding that the mere servicing of debt in Florida is an insufficient

basis for personal jurisdiction, *see, e.g.,* *Chase Manhattan Bank v. Cebeck,* 505 So.2d 539 (Fla. 1st DCA 1987), are apposite here. Both the crossclaim and complaint allege additional duties other than servicing that were breached. The purported breach of these duties is what gives this court the right under Fla.Stat.Ann. § 48.193(1)(g) to assert jurisdiction.[2]

With the court's exercise of personal jurisdiction over Horizon grounded in Fla.Stat. Ann. § 48.193(1)(g), the court now turns to the due process considerations. The due process clause of the Fourteenth Amendment protects an individual's liberty interest of not being subject to the binding judgments of a forum with which he has no established meaningful contacts, ties, or relations. *See International Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945). The constitutional requirement here is one of fair warning, "which gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimal assurance as to where that conduct will and will not render them liable to suit." *See Worldwide Volkswagon Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *Shaffer v. Heitner,* 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (Stevens J., concurring in judgment).

is governed by contractual obligations. No fiduciary relationship exists. *Cf. Shavers v. Duval County,* 73 So.2d 684 (Fla.1954) (finding the relationship to be one of an owner and a lienor). No legal duty cognizable in tort, therefore, could arise from this relationship. Any duty that would exist would be a contractual one. This is precisely the type of duty the crossclaim implies. Fernandez alleges that Horizon breached a duty implied by the mortgage agreement between Horizon and him. In essence, the claim is one for breach of contract.

Because the crossclaim is a breach of contract claim, Fernandez's claim for punitive damages must be stricken. Punitive damages are not recoverable in breach of contract actions even where the breach is willful and flagrant. *See Masciarelli v. Maco Supply Corp.,* 224 So.2d 329 (Fla.1969). Accordingly, the court will dismiss Fernandez's demand for punitive damages.

The court, however, will not dismiss Fernandez's claim for attorneys' fees at this point. Under Florida law, a demand for attorneys' fees need not be made at the pleading stage. *See Autorico, Inc. v. GEICO,* 398 So.2d 485, 487 (Fla. 3d DCA 1981). To consider Horizon's arguments on this point now would be premature.

**2.** Of course, if Horizon could establish that the assumption of the warranty obligations did not occur and that the entire assumption of the servicing requirements occurred outside of Florida, then personal jurisdiction could not be properly exercised. *See Northwest Bank Minneapolis, N.A. v. American Centennial Insurance Co.,* 493 So.2d 101 (Fla. 4th DCA 1986). Horizon has presented no evidence on these issues and, in fact, relies on the allegations of the complaint to support its arguments. The allegations in the complaint make out a cause of action for breach of contract and, therefore, jurisdiction is grounded in Fla.Stat.Ann. § 48.193(1)(g).

While "mechanical" tests and conceptualistic theories of personal jurisdiction are to be avoided, *see International Shoe Co.*, 326 U.S. at 319, 66 S.Ct. at 159; *Hoopeston Canning Co. v. Cullen*, 318 U.S. 313, 316, 63 S.Ct. 602, 604, 87 L.Ed. 777 (1943), the due process frame work here falls into two very general categories. Where a state seeks to assert specific jurisdiction over an out-of-state defendant who was not consented to suit there, due process is satisfied if the defendant "has purposely directed" his activities at residents of the forum, *see Keeton v. Hustler Magazine Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984), and the litigation results from alleged injuries that arise out of or relate to those activities, *see Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). A state can exercise general jurisdiction over defendant in a suit not arising out of or related to the defendants contacts with the forum if that defendant has reached out and created substantial and continuing relationships and/or obligations in the forum state. *See Travelers Health Assoc. v. Virginia*, 339 U.S. 643, 647, 70 S.Ct. 927, 929, 94 L.Ed. 1154 (1950); *see also Helicopteros*, 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 1872 n. 9.

No general jurisdiction over Horizon could constitutionally be exercised. Aside from these situations, Horizon apparently has no contacts with the state of Florida. While a single act can support the substantial connection requirement of general jurisdiction, *see McGee v. International Life Ins., Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957), Horizon's contacts with this forum can hardly be classified as substantial. Horizon has no offices, agents, employees in Florida. Horizon does not conduct any business in Florida. Accordingly, the exercise of general jurisdiction over Horizon here would be in violation of due process clause the Fourteenth Amendment.

Under the dictates of specific jurisdiction, however, the exercise of personal jurisdiction over a contracting non-resident defendant is possible. In *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478, 105 S.Ct.

2174, 2185, 85 L.Ed.2d 528 (1985), the Supreme Court noted that an individual's contract with an out-of-state party alone cannot automatically establish *in personam* jurisdiction. The court, however, found that contemplated future consequences of contracting as well as the terms of a contract could subject an out-of-state defendant to jurisdiction in a foreign forum. *Id.* Indeed, the court found that the Michigan defendant before it was constitutionally "hailed into court" in Florida largely because the terms of the contract be signed provided for continuing contacts with Florida. *Id.* 471 U.S. at 479–480, 105 S.Ct. at 2185–2186.

Because of the similarities of this case to *Burger King*, this court can exercise jurisdiction over Horizon. As Rudzewicz did in *Burger King*, Horizon is alleged to have "eschewed the option" of operating locally, and purportedly entered into two contracts that reached out to Florida residents. *Id.* 471 U.S. at 479, 105 S.Ct. at 2185. At least as alleged, Horizon, like Rudzewicz, entered into two separate carefully structed mortgage agreements by assuming the obligations of Ozark with respect to Homestead and Fernandez. For purposes of this motion, Horizon relies on these allegations, thinking they are sufficient to defeat jurisdiction. These contentions, however, are sufficient to confer jurisdiction, for as the Supreme Court noted in *Burger King*, the breach of these contractual obligations "caused forseeable injuries" in Florida. *Burger King*, 471 U.S. at 480, 105 S.Ct. at 2186. The exercise of personal jurisdiction over Horizon with respect to the complaint and crossclaim is constitutional.

Consistent with this opinion, the court

ORDERS and ADJUDGES that the defendant Horizon's motion to dismiss the complaint, be and the same is hereby DENIED.

FURTHER ORDERS and ADJUDGES that the defendant Horizon's motion to dismiss the crossclaim of defendant Fernandez, be and the same is DENIED.

FURTHER ORDERS and ADJUDGES that the defendant Fernandez' demand for

punitive damages in his crossclaim, be and the same is STRICKEN.

FURTHER ORDERS and ADJUDGES that the defendant Horizon is to answer the complaint on or before November 14, 1988.

DONE and ORDERED.