664 So.2d 1153 (1995)
SUFFOLK FEDERAL CREDIT UNION, Appellant,
v.
CONTINENTAL INSURANCE COMPANY, Appellee.
No. 95-2448.
District Court of Appeal of Florida, Third District.
December 20, 1995.
*1154 Welbaum, Zook & Jones, and W. Frank Greenleaf, Coral Gables, for appellant.
Underwood, Karcher, Karcher & Anderson, and Michael Karcher, Miami, for appellee.
Before BARKDULL, COPE and GODERICH, JJ.
COPE, Judge.
Suffolk Federal Credit Union appeals an order denying its motion to dismiss for lack of personal jurisdiction. We reverse.
Suffolk Federal Credit Union is located in New York and does not transact business in Florida. Based on the record before us, it appears that a credit union member, Augustus L. Symonette, moved to Dade County, Florida. He applied for, and received, an installment loan of approximately $50,000.00 to purchase a boat. A document of title was obtained, and the credit union's mortgage was recorded, at the United States Coast Guard office in Miami, Florida. Appellee, Continental Insurance Company, provided insurance for the boat.
The Florida long-arm statute distinguishes between transacting "business," and engaging in a "business venture." See § 48.193(1)(a), Fla. Stat. (1993); State ex rel. Weber v. Register, 67 So.2d 619, 620 (Fla. 1953); Matthews v. Matthews, 122 So.2d 571, 573 (Fla. 2d DCA 1960). "[T]he term `business venture' is generally applied to one subject matter or undertaking while `business' is broader in scope denoting a variety of subjects, transactions or undertakings." Matthews, 122 So.2d at 573 (citation omitted). For present purposes we assume, but need not decide, that the making of an installment loan to a Florida borrower, secured by a boat located in Florida, with the lender's lien recorded in Florida, constitutes a "business venture" for purposes of the long-arm statute.[1]
*1155 In the present case the insurer has sued the lender in Florida based solely on this single loan transaction. "When a controversy is related to or `arises out of' a defendant's contacts with the forum, the Court has said that a `relationship among the defendant, the forum, and the litigation' is the essential foundation of in personam jurisdiction." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984) (citation omitted). In analyzing in this case the exercise of such "specific jurisdiction," 466 U.S. at 414 n. 8, 104 S.Ct. at 1872 n. 8, we find instructive the factors outlined in Horace v. American National Bank and Trust Co. of Ft. Lauderdale, 251 So.2d 33 (Fla. 4th DCA 1971):
Three criteria have emerged from the decisions of the Supreme Court in McGee v. International Life Insurance, Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), for determining the present outer limits of ... in personam jurisdiction based on a single act. First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; second, the cause of action must derive from the defendant's activities there; third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.
Id. at 36 (citations omitted; emphasis in original); accord Compania Anonima Simantob v. Bank of America International, 373 So.2d 68, 71 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1192 (Fla. 1980); see also Georgia Insurers Insolvency Pool v. Brewer, 602 So.2d 1264, 1267-69 (Fla. 1992).[2]
We conclude that under the facts of this particular case, the second and third criteria are not met. In this case the insurer alleges that the borrower Symonette committed an insurance fraud. The insurer asserts that Symonette obtained a written contract to buy a higher priced vessel from the boat dealer and used that document to obtain the boat loan and boat insurance. The insurer alleges that Symonette then bought a different boat, worth substantially less money, from the dealer. Several months later, Symonette reported the boat stolen. The insurer paid Symonette's claim in full. The majority of the payment went to the credit union to satisfy the credit union's loan amount.
The insurer asserts that thereafter it discovered the fraud. It has brought suit against Symonette and the credit union in Dade County, Florida, seeking to recapture the insurance proceeds. The insurer concedes that there is no evidence the credit union had any knowledge of or participation in the alleged insurance fraud.[3]
Boiled down, the insurer is alleging an insurance fraud by the borrower, in which the credit union was not involved.[4] We do not think that this claim sufficiently derives from the credit union's activities in Florida to support long-arm jurisdiction. We therefore reverse the order under review and remand with instructions to dismiss the complaint *1156 against the credit union for want of personal jurisdiction.[5]
Reversed and remanded.
NOTES
[1] Section 607.1501, Florida Statutes (1993), itemizes a number of activities which a foreign corporation can conduct in Florida without being deemed to be "transacting business" and without being required to obtain a certificate of authority from the Florida Department of State. Id. § 607.1501(1), (2). The purpose of section 607.1501 is to create a "safe harbor" of activities a foreign corporation can engage in without being required to register to do business in Florida. See id.

In Chase Manhattan Bank v. Cebeck, 505 So.2d 539 (Fla. 1st DCA 1987), the "safe harbor" of an earlier version of chapter 607 was construed as also creating an exemption from jurisdiction under the long-arm statute. Id. at 540. This statutory interpretation has been legislatively overruled. The legislature has amended chapter 607, so that Section 607.1501 now provides, "This section has no application to the question of whether any foreign corporation is subject to service of process and suit in this state under any law of this state." § 607.1501(4), Fla. Stat. (1993).
[2] This case does not involve the exercise of "general jurisdiction" over the defendant, that is, the exercise of personal jurisdiction "over a defendant in a suit not arising out of or related to the defendant's contacts with the forum... ." Helicopteros Nacionales de Colombia v. Hall, 466 U.S. at 414 n. 9, 104 S.Ct. at 1872 n. 9; see § 48.193(2), Fla. Stat. (1993). See generally American Overseas Marine Corp. v. Patterson, 632 So.2d 1124, 1127-28 (Fla. 1st DCA), review denied, 641 So.2d 1346 (Fla. 1994); Ranger Nationwide, Inc. v. Cook, 519 So.2d 1087, 1088-89 (Fla. 3d DCA), review denied sub nom. Cook v. Dewline, Inc., 531 So.2d 167 (Fla. 1988).
[3] Consequently there is no basis on which the insurer can predicate Florida jurisdiction on the commission of a tortious act within Florida. See § 48.193(1)(b), Fla. Stat. (1993).
[4] The insurer claims that the credit union has been unjustly enriched because of the borrower's insurance fraud. We express no opinion on the viability of this claim.
[5] Such dismissal is, of course, without prejudice to the insurer to refile in an appropriate state.