766 So.2d 1163 (2000)
ATLANTIS MARINA & YACHT CLUB, INC., Appellant,
v.
R & R HOLDINGS, INC., Appellee.
No. 3D00-470.
District Court of Appeal of Florida, Third District.
September 6, 2000.
*1164 Robert J. Schaffer, Coral Gables, for appellant.
McAlpin & Brais, P.A., and James J. Feeney, for appellee.
Before COPE, GODERICH and SHEVIN, JJ.
COPE, J.
Atlantis Marina & Yacht Club, Inc. appeals an order denying its motion to dismiss for lack of long-arm jurisdiction. Atlantis contends that the transaction at issue here does not fall within the terms of Florida's long-arm statute and alternatively, that it would violate due process principles to exercise jurisdiction over Atlantis under the circumstances of this case. We disagree and affirm.
Atlantis is a New York corporation which operates a marina in Staten Island, New York. It does not do business in Florida.
Atlantis brought a sixty-foot 1997 Bertram yacht to Florida and offered it for sale at the February 1998 Miami International Boat Show. Atlantis retained a Miami yacht broker, Richard Bertram, Inc., for purposes of sale. The yacht was ordinarily kept docked behind the home of an Atlantis officer, Kenneth Formica, in Palm Beach County, Florida.
Representatives of the buyer were shown the yacht at the boat show. They returned for another showing at Mr. Formica's residence later in February, and for a sea trial in April. Mr. Formica personally participated in the sea trial.
A letter agreement was executed in Florida for purchase of the yacht for $1,450,000. The purchase closed in Florida, with R & R Holdings, Inc. taking title and making payment to the Richard Bertram trust account in Miami. Bertram then wired the proceeds to Atlantis in New York.
In its lawsuit R & R alleges that Atlantis agreed to repair deficiencies that the marine surveyor identified during the sea trial. R & R also asserts that it was promised a five-year warranty, as reflected *1165 on the offering circular for the yacht. R & R alleges that Atlantis has failed to make good on these promises.
Atlantis moved to dismiss, contending that the facts of the case do not allow long-arm jurisdiction under Florida law, and that assertion of jurisdiction over Atlantis would violate due process principles. The trial court denied the motion, and Atlantis has appealed.
Atlantis brought a $1.45 million yacht to Florida and engaged in a course of activities over a period of time to sell it. The vessel was docked in Florida, listed with a Florida broker, placed in the 1998 boat show, and was shown to the prospective buyers in Florida on three occasions. The contract was executed here and the sale closed here. Mr. Formica personally showed the vessel to the prospective buyers on one occasion, and participated in the sea trial.
Florida law allows long-arm jurisdiction, among other things, where a person is "engaging in ... a business or business venture in this state...." § 48.193(1)(a), Fla. Stat. (1997) (emphasis added). A "business venture" can consist of a single project or transaction. See Suffolk Federal Credit Union v. Continental Ins. Co., 664 So.2d 1153, 1154 (Fla. 3d DCA 1995). Bringing a $1.45 million yacht to Florida, marketing it over a period of time, and ultimately selling it, amounted to a business venture for purposes of the long-arm statute.
From a due process standpoint, certainly someone who engages in a transaction of this type within Florida may reasonably be expected to respond in court here over any claims which may arise from that transaction. See 8911 Normandy Beach, Inc. v. Kearns, 739 So.2d 156, 157 (Fla. 3d DCA 1999); North Star Intern. Seafood Co., Inc. v. Banner Beef and Seafood Co., Inc., 677 So.2d 1003, 1004 (Fla. 3d DCA 1996); Suffolk Federal Credit Union v. Continental Ins. Co., 664 So.2d at 1155.
Atlantis argues, however, that long-arm jurisdiction is somehow defeated because the buyer, R & R, was not incorporated until after the April 23 letter agreement was signed. Atlantis points out that the letter agreement for purchase of the yacht was actually signed by James Roberts, a Texas resident, and that R & R did not begin its corporate existence until sometime thereafter. R & R is a Delaware corporation, which qualified to do business in Florida in May, 1998, and was the actual purchaser of the yacht when the transaction closed.
We fail to see how R & R's date of incorporation has any bearing on the longarm analysis. The questions for long-arm purposes are (1) whether Atlantis' conduct in Florida falls within the terms of the long-arm statute, and (2) whether Atlantis has sufficient minimum contacts from a due process standpoint. See Fontan Assoc. Inc. v. Medpark, Inc., 650 So.2d 207, 208 (Fla. 3d DCA 1995). The fact that a corporate entity was created to take title, rather than Mr. Roberts taking title individually, makes no difference to the long-arm analysis.
Affirmed.