805 So.2d 1028 (2001)
Susan McCARTER, Appellant,
v.
BIGFOOT INDUSTRIES, INC., a Canadian corporation, Appellee.
No. 4D00-3220.
District Court of Appeal of Florida, Fourth District.
December 26, 2001.
*1030 Sharon C. Degnan and Diane H. Tutt of Diane H. Tutt, P.A., Plantation, for appellant.
Sean M. Cleary of Colson, Hicks, Eidson, Coral Gables, for appellee Bigfoot Industries, Inc.
FARMER, J.
The buyer of a mobile home from a dealer near Sarasota has sued a foreign corporation for warranty defects in the vehicle. The trial court dismissed the action, concluding that Florida lacks jurisdiction over the warrantor, a Canadian parent company of a manufacturing subsidiary in Oregon, and that Florida is an inconvenient place to sue the parent even if jurisdiction were present. We reverse on both issues.
Buyer purchased a new 1997 motor home from R.V. World of Nokomis (seller), a dealership located in Nokomis, Florida. The motor home was manufactured by Bigfoot Industries (U.S.), Inc. (manufacturer), a wholly owned division of a Canadian company known as Bigfoot Industries, Inc. (warrantor). Warrantor has its principal place of business in British Columbia. The subsidiary was incorporated in Oregon in 1993.
Nine days after the purchase, buyer began to experience problems with the vehicle's electrical system. She took the vehicle to warrantor's authorized service facility in Tampa for servicing. Later, she experienced other problems, including water leaks and transmission malfunctions, some while driving the vehicle across the country. As a result the vehicle was serviced at warrantor's authorized servicing agents in Tennessee, Washington and Oregon.
Nearly two years later, as a result of persistent problems with the vehicle, buyer filed suit in Florida against warrantor. In an amended complaint, which added seller as a defendant, she alleged a cause of action under the lemon law against both warrantor and seller, contending that they had breached the Magnuson-Moss Warranty Act and various warranties given by warrantor in connection with the purchase of the vehicle. Regarding jurisdiction over warrantor, in substance she alleged that: (1) warrantor had availed itself of the privilege of doing business in Florida by introducing into the stream of commerce here the mobile home she had purchased in Florida; (2) that warrantor has sales and service agreements with dealers throughout Florida, including seller; (3) that under these agreements the dealers in Florida performed warranty obligations of warrantor on vehicles made and sold by warrantor; and (4) that warrantor advertises its products in Florida and derives substantial revenue from sales of its vehicles here.
Warrantor moved to dismiss the complaint, arguing that buyer had not alleged the basis for jurisdiction under the Florida long-arm statute, and that buyer had also failed to allege sufficient facts showing that warrantor had the requisite minimum contacts with Florida in order to be properly sued here. Warrantor also argued that Florida is an inconvenient venue for the suit, and therefore that dismissal is appropriate under rule 1.061 "in that a satisfactory remedy may be more conveniently sought in a jurisdiction other than *1031 Florida."[1] As we indicated earlier, the trial court agreed with both grounds and dismissed the action.
Warrantor's motion to dismiss was supported by an affidavit made by a corporate official with knowledge. The affidavit made several points, but we note only the following. Buyer's vehicle was one of a few models first sold in 1997 in the U.S. and actually made by its American subsidiary; only 17 were made, and only 3 were sold in Florida, one of them to buyer. Warrantor has never had an office of its own in Florida and owns no property here. It maintains no registered agent here and does not itself directly [sic] conduct business here. Disclaiming any direct advertising in Florida, warrantor does admit to plugging its wares in "national trade publications." It sells its products to dealers around the U.S.A., who in turn actually sell the vehicles to the ultimate purchasers, like buyer. Before the three sales of the new model in question, it had never sold any products to a dealer in Florida, yet it had a "prior relationship" with seller.
Buyer responded with her own affidavit. She swore, among other things, that she purchased the subject vehicle in May 1997 from seller in Florida. Before purchasing the vehicle, she had read an advertisement concerning warrantor in a magazine she bought in Florida, and that advertising induced the purchase of the vehicle. In connection with the purchase, she was given a warranty under which her vehicle could be serviced anywhere in Florida by warrantor's authorized service agents. Nine days after purchasing the vehicle, she had it serviced at one of warrantor's authorized service facilities in Tampa, Florida, which told her that warrantor would pay for the repair and that she would not be billed for the work.
Because the trial judge's decision on the jurisdictional issue was based on pleading groundsand not on live testimony where we would defer to her determination as to the credibility of witnesses we review the issue de novo. In essence the issue is whether buyer's pleading sufficiently alleges jurisdiction under section 48.193(1)(a), (1)(g), and (2).[2] We conclude that it does.
As we indicated earlier, she alleged in substance that (1) warrantor had availed itself of the privilege of doing business in Florida by introducing into the stream of commerce the mobile home she purchased here in Florida; (2) that warrantor has sales and service agreements with dealers throughout Florida, including seller; (3) under these agreements the dealers in Florida performed warranty obligations of warrantor on vehicles made and sold by warrantor; and (4) that warrantor advertises its products in Florida and derives substantial revenue from sales of its vehicles here.
Rule 1.070(h) states that "when service of process is to be made under statutes authorizing service on nonresidents of Florida, it is sufficient to plead the basis for service in the language of the statute without pleading the facts supporting service."[3] Section 48.193(1)(a) allows for jurisdiction over nonresidents who "conduct[], engag[e] in, or carry[ ] on a business or business venture in this state...." In substance, buyer has alleged that basis. See Pace Carpet Mills, Inc. v. Life Carpet and Tile Co., Inc., 365 So.2d 445 (Fla. 4th DCA 1978); and Atlantis Marina and Yacht Club v. R.R. Holdings, 766 So.2d 1163, 1164 (Fla. 3d DCA 2000).
*1032 Section 48.193(1)(g) allows jurisdiction over a nonresident who "breach[es] a contract in this state by failing to perform acts required by the contract to be performed in this state...." The buyer's allegations regarding the warranty given by warrantor satisfy that provision of the statute. See Homestead Savings v. Ozark Financial Corporation, 699 F.Supp. 1547 (S.D.Fla.1988). Finally section 48.193(2) allows jurisdiction over nonresidents who "engage[ ] in substantial and not isolated activity within this state ..." Buyer's allegations that warrantor advertises in this state and derives substantial revenue from sales of its products here satisfy the pleading requirement of this provision.
The pleading of long-arm jurisdiction under the Florida Rules of Civil Procedure is not an exercise in detailed factual allegations. As rule 1.070(h) makes clear, pleading of the basis for long-arm jurisdiction is essentially "notice" pleading. It is enough for the pleader to indicate the statutory provision under which the action is traveling. That was adequately done here.
Turning therefore to the inconvenient venue issue, in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86, 91 (Fla.1996), the court adopted a four-part analysis for this issue: (1) whether an adequate alternative forum possesses jurisdiction over the whole case; (2) the manner in which the parties "private interests" will be affectedapplying a strong presumption against disturbing plaintiff's initial choice of forum; (3) if the balance of private interests is in equipoise, whether the public interest tips the balance in favor of another forum; (4) whether the plaintiff is able to reinstate the suit in an alternative forum without undue inconvenience or prejudice.
The first step of the Kinney analysis will be satisfied if defendants are "amenable to process" in the other jurisdiction. Kinney, 674 So.2d at 90. The chief concern at this point is the "ability to perfect service of process...." Id. If the process may not be effected in the other forum, it is not an alternative forum within the meaning of the first Kinney factor.
As buyer notes, there is nothing in the record indicating that either Washington or British Columbiathe only alternative forums suggested by defendantswould have personal jurisdiction over seller, the other defendant in this case. In Sanwa Bank, Ltd. v. Kato, 734 So.2d 557, 562 (Fla. 5th DCA 1999), the court held that if only some of the defendants are subject to suit in the proposed alternative forum, that forum is not truly available. The record does not establish that either Washington or British Columbia would actually have jurisdiction over the whole case, as required by Kinney. In the words of the Fifth District: "If there is no adequate alternative forum in which the action can be conducted against all defendants, the inquiry ends and the motion to dismiss must be denied." Sanwa Bank, 734 So.2d at 562.
REVERSED.
GUNTHER and KLEIN, JJ., concur.
NOTES
[1] See Fla.R.Civ.P. 1.061.
[2] See § 48.193(1)(a), (1)(g), and (2).
[3] See Fla.R.Civ.P. 1.070(h).