365 So.2d 445 (1978)
PACE CARPET MILLS, INC., a Foreign Corporation, Appellant,
v.
LIFE CARPET AND TILE COMPANY, INC., a Florida Corporation, Appellee.
No. 77-862.
District Court of Appeal of Florida, Fourth District.
December 20, 1978.
Christopher H. Cook, of Winters, Brackett, Lord & Held, West Palm Beach, for appellant.
*446 Robert C. Furr, Boca Raton, for appellee.
BERANEK, Judge.
This is an interlocutory appeal by defendant from an order relating to jurisdiction over the person. Plaintiff sued defendant, an out-of-state corporation, and effected service of process pursuant to § 48.193, the Florida Long-Arm Statute. Defendant made a special appearance and filed a motion asserting that, "under the circumstances of the case presented," there is no jurisdiction over the defendant's person. The trial court denied the motion. Neither party submitted affidavits, testimony or any other proof at the hearing on the motion.
The facts as alleged in the complaint are that the plaintiff was a Florida corporation in the business of installing carpets. The defendant was engaged in manufacturing and selling carpets and held itself out to the public as a supplier of carpets. It is alleged that the defendant corporation had a local distributor in the State of Florida and that this local distributor effected a sale between plaintiff and defendant. It is specifically alleged that the defendant corporation shipped to the plaintiff corporation 8,000 square yards of carpet and that the plaintiff purchased said carpeting on a cash-on-delivery basis for the sum of $17,704.83. Plaintiff alleges that the carpeting was defective and that the defendant breached its implied warranties of fitness and merchantability. As a result of these breaches, plaintiff claimed damages for the value of the carpeting and for the cost of replacing carpeting already installed. The complaint also asserts the defendant's breach of warranty damaged the business reputation of the plaintiff and damages are also sought on this theory.
The statute under which plaintiff sought to effect service of process is § 48.193, which provides in part as follows:
"Acts subjecting persons to jurisdiction of courts of state.
"(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
"(a) Operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state."
The complaint contains sufficient allegations to infer that the defendant corporation was carrying on business in Florida through a local distributor over whom it had control. AB CTC v. Morejon, 324 So.2d 625 (Fla. 1975). The basic question is whether defendant had sufficient "contacts" with Florida in accordance with the due process requirements as enunciated in International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Under the facts alleged in this case, we hold the minimum contacts test was satisfied.
Appellant next contends that the trial court erred because plaintiff did not submit affidavits or other proof in support of the factual allegations contained in the complaint. This argument has been answered in Electro Engineering Products Co. v. Lewis, 352 So.2d 862 (Fla. 1977). Therein, the Supreme Court cited Dublin Company v. Peninsular Supply Company, 309 So.2d 207 (Fla. 4th DCA 1975), and set out the procedure to be followed in testing jurisdictions under the Long-Arm Statute. Plaintiff must initially allege in the complaint sufficient jurisdictional facts to show compliance with the statute. The burden then shifts to the defendant to make a prima facie showing of the inapplicability of the Long-Arm Statute. Thereafter, plaintiff is required to substantiate the jurisdictional allegations. In this case the defendant made no such showing and the allegations of jurisdictional facts in the complaint were properly taken as true for the purpose of resolving the motion to dismiss on jurisdictional grounds.
Appellant also attacks the constitutionality of the Long-Arm Statute, but these constitutional arguments are governed by Electro *447 Engineering Products Co. v. Lewis, supra, wherein the statute was specifically held to be constitutional under a similar attack. The order appealed from is, therefore, affirmed.
AFFIRMED.
ANSTEAD and DAUKSCH, JJ., concur.