BERANEK, Judge.
Defendants, Dico Company, Inc., and Dy-neer Corporation, appeal from an order denying their motion to dismiss plaintiff’s complaint for lack of jurisdiction under the long arm statute. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).
Plaintiff, Meekins, Inc., filed suit against Dico and Dyneer for breach of warranty and design negligence involving two block unloaders which Meekins had purchased. *1068 The complaint alleged that the unloaders had been furnished, installed, and mounted by Concrete Equipment, Inc., a Florida corporation. Defendant Dico, a foreign corporation with its principal place of business in Iowa, allegedly manufactured the unloaders and was doing business in Florida through its distributor, Concrete Equipment. Dico was further alleged to be a wholly owned subsidiary of defendant Dyneer who subsequently sold Dico to a corporation outside the United States.
Both defendants moved to dismiss the complaint for lack of jurisdiction maintaining they were foreign corporations not doing business in Florida and were not subject to service of process. In support of their motion, the defendants furnished a memorandum and two affidavits. In response, the plaintiff filed the deposition of the manager of Concrete Equipment, Inc., and an agreement between Dico and Concrete Equipment whereby the latter was appointed a distributor of Dico products. The trial court denied the motion to dismiss and both defendants appeal.
Generally, the burden of pleading under the long arm statute rests first with the plaintiff to allege sufficient jurisdictional facts to show compliance with the statute. The burden then shifts to the defendant to make a prima facie showing of the inapplicability of the long arm statute. Thereafter, the plaintiff is required to substantiate the jurisdictional allegations. Pace Carpet Mills v. Life Carpet & Tile Co., 365 So.2d 445 (Fla. 4th DCA 1978). Defendant Dyneer affirmatively demonstrated its lack of contacts with Florida. We find that the plaintiff did not substantiate the jurisdictional allegations as to Dyneer and the trial court erred in denying its motion to dismiss. As to Dico, it is clear that the plaintiff did substantiate its jurisdictional allegations through the deposition and dealership agreement between Dico and Concrete Equipment. To establish jurisdiction over a non-resident defendant under the ■long arm statute there must be a showing of control by the defendant over the distributor or over the property in the hands of the distributor. AB CTC v. Morejon, 324 So.2d 625 (Fla.1975); Pace Carpet Mills, supra. The plaintiff demonstrated several instances of control by Dico over the dealer and the product. We believe the court’s jurisdiction was adequately established and the motion to dismiss was properly denied as to Dico.
AFFIRMED IN PART; REVERSED IN PART.
DOWNEY and ANSTEAD, JJ., concur.