**WILENSKY v. CRAZY HORSE TAVERN, INC., et al**
Case No. 80-4902 CA(L) 02 E
Fifteenth Judicial Circuit, Palm Beach County
April 1, 1982

John Young, for plaintiff.

George Supran, for defendant, EPCO, Inc.

Michael B. Davis, for defendant, Crazy Horse Tavern, Inc.

Kent S. Pratt, for defendant, Jacknob Corporation

JACK H. COOK, Circuit Judge

This cause comes before the Court upon the Motion to Dismiss of the Defendant, JACKNOB CORPORATION, filed herein on March 16, 1982.

The Plaintiffs have sued Defendant, JACKNOB CORPORATION, and others for personal injuries alleged to have resulted when defective hinges alleged to have been manufactured by Defendant, JACKNOB CORPORATION, failed causing a door to fall striking Plaintiff, RUTH WILENSKY.

Defendant, JACKNOB CORPORATION, was joined in the action by way of an Amended Complaint filed on July 23, 1981. The allegations with reference to JACKNOB CORPORATION are that it is a foreign corporation which "sometime prior to July, 1976, sold to Defendant, EPCO, INC., (A Florida corporation), a product which they designed and manufactured, to wit: door hinges". Thereafter, it is alleged that the Defendant, EPCO, INC., incorporated the door hinges into a bathroom stall. Subsequently, the hinges malfunctioned on August 11, 1978, causing the door to fall upon the Plaintiff, RUTH WILENSKY.

The allegations of the Complaint assert jurisdiction over the foreign defendant, JACKNOB CORPORATION, pursuant to F.S. §48.193, commonly known as the long-arm statute. The Defendant, JACKNOB CORPORATION, by and through its President, Mr. Jerry Lovelace, filed an Affidavit on December 22, 1981, stating that JACKNOB, the New York corporation is not licensed to do business in Florida and is

70

not engaged in business in Florida. The Affidavit further states that JACKNOB does not engage in any business activities in the State of Florida and has no registered resident agent in the State of Florida and did not design or manufacture the door hinges alleged to have been defective.

Based upon this record, JACKNOB CORPORATION has moved to dismiss the Complaint as to it on the basis that the Court lacks jurisdiction over the Defendant under the long-arm statute.

Plaintiffs have presented no interrogatories, depositions or affidavits reflecting that Defendant, JACKNOB CORPORATION, has committed any acts which would subject it to the Court's jurisdiction pursuant to F.S. §48.193.

On this record, the Court must conclude that the motion to dismiss should be granted. In *Pace Carpet Mills v. Life Carpet and Tile Company*, 365 So.2d 445 (Fla. 4th DCA 1978), the District Court of Appeal relied upon *Electro Engineering Products Co. v. Lewis*, 352 So.2d 862 (Fla. 1977) and set out the procedure to be followed in testing jurisdiction under the long-arm statute. The procedure espoused by the District Court was as follows:

> "Plaintiff must initially allege in the complaint sufficient jurisdictional facts to show compliance with the statute. The burden then shifts to the defendant to make a prima facie showing of the inapplicability of the long-arm statute. Thereafter, plaintiff is required to substantiate the jurisdictional allegations. . ."

In *Pace Carpet Mills v. Life Carpet and Tile Company*, *supra*, the Court concluded that the Complaint did set forth jurisdictional facts and that the defendant had made no prima facie showing of the inapplicability of the long-arm statute. Therefore, the motion to dismiss on jurisdictional grounds was denied.

In the recent case of *Dico Company, Inc. v. Meekins, Inc.*, 407 So.2d 1067 (Fla. 4th DCA 1981), the District Court again affirmed the test set out in *Pace Carpet Mills v. Life Carpet and Tile Co.*, *supra*, and this time reversed the lower Court which had denied a motion to dismiss on the jurisdictional basis. In *Dico Company, Inc. v. Meekins, Inc.*, *supra*, the Plaintiff had set forth the requisite jurisdictional allegations in the complaint and the Defendant had thereafter filed a motion to dismiss for lack of jurisdiction supported by a memorandum and two affidavits. In response, the Plaintiff filed a deposition which was directed to only one of the Defendants. In holding that the motion to dismiss of the

Defendant, Dyneer, should have been granted, the Court stated the following:

> "Generally, the burden of pleading under the long-arm statute rests first with the plaintiff to allege sufficient jurisdictional facts to show compliance with the statute. The burden then shifts to the defendant to make a prima facie showing of the inapplicability of the long-arm statute. Thereafter, the plaintiff is required to substantiate the jurisdictional allegations. *Pace Carpet Mills v. Life Carpet & Tile Co.*, 365 So.2d 445 (Fla. 4th DCA 1978). Defendant Dyneer affirmatively demonstrated its lack of contacts with Florida. We find that the plaintiff did not substantiate the jurisdictional allegations as to Dyneer and the trial court erred in denying its motion to dismiss. . ."

In the instant case, the Court must find that the Defendant, JACKNOB CORPORATION, through the affidavit of its President, Jerry Lovelace, has affirmatively demonstrated the inapplicability of the long-arm statute as it relates to that Defendant. Plaintiff has subsequently offered no evidence to substantiate the jurisdictional allegations as to JACKNOB and the motion must be granted.

WHEREFORE, it is the Order of this Court that Defendant, JACKNOB CORPORATION'S motion to dismiss for lack of jurisdiction is granted and Defendant, JACKNOB CORPORATION, shall go hence without day.