461 So.2d 1026 (1985)
Kevin SMITH, Appellant,
v.
IMPORT BIRDS, INC., Appellee.
No. 84-2037.
District Court of Appeal of Florida, Fourth District.
January 4, 1985.
C. Kent Miller, Lake Worth, for appellant.
Robert C. Hackney, West Palm Beach, for appellee.
PER CURIAM.
Defendant moved to quash service and to vacate a default entered against him in circuit court. The motions were denied. Defendant appeals, arguing that the statutory method of substituted service on a non-resident has not been complied with pursuant to § 48.161, Florida Statutes (1984). Unless the plaintiff has strictly *1027 complied with Section 48.161, the circuit court does not have jurisdiction. Orange Motors of Coral Gables, Inc. v. Rueben H. Donnelley Corp., 415 So.2d 892 (Fla. 3d DCA 1982); Panter v. Werbel-Roth Securities, Inc., 406 So.2d 1267 (Fla. 4th DCA 1981); George Fischer Ltd. v. Plastiline, Inc., 379 So.2d 697 (Fla. 2d DCA 1980). Plaintiff failed to file his affidavit of compliance by the return day of the process. Plaintiff bears the initial burden to demonstrate compliance with the statute. Once the defendant makes a prima facie showing of failure to comply, the burden again shifts to the plaintiff to demonstrate the statute's applicability. Plaintiff failed to carry his burden of proof. We therefore find that the trial court erred when it denied defendant's motions. Shiffman v. Stumpff, 445 So.2d 1104 (Fla. 4th DCA 1984).
Reversed and remanded with directions to quash service and to vacate default.
HURLEY, WALDEN and BARKETT, JJ., concur.