PER CURIAM.
The appellant, J. Ray Turner, appeals from a nonfinal order determining that the court had personal jurisdiction over the appellant. We reverse.
The appellant, a resident of South Carolina, is the president of Trayco, Inc., a South Carolina corporation doing business in the state of Florida. In addition to being one of its major stockholders, the appellant is designated administrator of Trayco’s employee profit sharing plan and profit sharing trust (pension plan). The appellee, Robert Lawton, who is a Florida resident and former employee of Trayco, Inc., brought suit against the pension plan, the corporation, and appellant individually for money allegedly owed to him under the pension plan. The summons contained in the record indicates it was to be served upon the pension plan by serving the appellant as administrator of the plan.
The appellant moved to dismiss the complaint as to him individually for lack of jurisdiction. The trial court denied the motion and this interlocutory appeal timely followed.
We find that the court erred in denying appellant’s motion to dismiss. Although appellant was named individually in the complaint, the summons was served upon him as administrator of the pension plan and not in his individual capacity. Even if proper service had been made, however, there were insufficient contacts to bring appellant within the ambit of the Florida longarm statute. See § 48.193, Fla.Stat. (1983); Excel Handbag Co., Inc. v. Edison Bros. Stores, Inc., 428 So.2d 348 (Fla.3d DCA 1983); Bloom v. A.H. Pond Co., Inc., 519 F.Supp. 1162 (S.D.Fla.1981).
We, therefore, reverse.
REVERSED.
DANAHY, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.