533 So.2d 1200 (1988)
David L. KENNEDY, Jones Medical Instrument Company, William C. Jones, and Gabrielle S. Gang, Appellants,
v.
Thomas H. REED, Appellee.
No. 88-1621.
District Court of Appeal of Florida, Second District.
November 18, 1988.
*1201 Thomas K. Marshall of Law Office of Thomas M. Fitzgibbons, Sarasota, for appellants.
Brian B. Eisenstadt of Saron & Eisenstadt, P.A., St. Petersburg, for appellee.
THREADGILL, Judge.
This appeal is from a nonfinal order determining that Florida courts have in personam jurisdiction over these out-of-state appellants pursuant to Ch. 48.193, Fla. Stat. (1987), the Florida long arm statute. The appellants, a corporation and several individual officers of various corporations who are among the named defendants, contend that the facts alleged in the complaint are insufficient to establish personal jurisdiction and that the trial court thus erred in denying their motion to dismiss and quash service of process. We agree and reverse.
The appellee, Thomas Reed, plaintiff below, contracted with Datamatic Services Corporation, a Florida corporation, to purchase two medical testing devices known as spirometers and sold as the Tiffenaire Respiratory Surveillance System. His complaint against Datamatic and other defendants, including the appellants, alleged securities violations, fraud and misrepresentation. The appellants moved to quash service of process and dismiss for lack of personal jurisdiction and filed supporting affidavits. The motions were denied and this interlocutory appeal was timely filed.
In Florida, a plaintiff is required to plead sufficient material facts to establish a basis for personal jurisdiction, Fla.R.Civ.P. 1.110(b) (1987), and failure to allege a basis for long arm jurisdiction under Ch. 48.193 voids any service of process pursuant to Ch. 48.194. Kimbrough v. Rowe, 479 So.2d 867 (Fla. 5th DCA 1985); Mouzon v. Mouzon, 458 So.2d 381 (Fla. 5th DCA 1981). See also Laney v. Laney, 487 So.2d 1109 (Fla. 1st DCA 1986).
The only express jurisdictional allegation in the complaint is based on a paragraph in the contract between Reed and Datamatic. This paragraph provided that the contract would be construed and enforced in accord with Florida law and that, by execution of the contract, the parties submitted themselves to the jurisdiction of Florida courts for litigation arising from the contract. Such a provision alone is insufficient to confer jurisdiction over objecting out-of-state defendants. McRae *1202 v. J.D./M.D., Inc., 511 So.2d 540 (Fla. 1987); Vaughn v. AAA Employment, Inc., 511 So.2d 1045 (Fla. 2d DCA 1987). Even were such a provision adequate, reliance on that clause is misplaced in this case because the appellants were not parties to the contract and are thus not bound by its terms.
Personal jurisdiction must, therefore, be based on other allegations in the complaint. Florida's long arm statute, Ch. 48.193, grants jurisdiction over those who commit any of the acts specified in the statute. We agree with the appellants' contention that the complaint does not allege specific acts that occurred in Florida which tie the appellants to Florida. Nor do we find any allegations that these appellants had sufficient minimum contacts with Florida such that they should reasonably anticipate being sued in Florida. See International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The complaint alleges damages in Florida, but this alone does not confer jurisdiction. Phillips v. Orange Co., Inc., 522 So.2d 64 (Fla. 2d DCA 1988).
In the complaint, the appellee alleged generally that all defendants were either agents or principals of each other. Appellee now contends that jurisdiction over Datamatic, with whom he contracted, confers jurisdiction over all agents and principals of Datamatic, including the appellants. This argument fails because jurisdiction will not lie over an individual because of acts performed in his capacity as agent for another. Bloom v. A.H. Pond Company, 519 F. Supp. 1162 (S.D.Fla. 1981). See also Turner v. Lawton, 473 So.2d 303 (Fla. 2d DCA 1985).
In summary, we find that the allegations in the complaint are insufficient to bring appellants within the ambit of the long arm statute and, therefore, reverse.
REVERSED.
SCHOONOVER, A.C.J., and LEHAN, J., concur.