543 So.2d 349 (1989)
Samuel J. ARTHUR, Appellant,
v.
Rosemarie T. ARTHUR, Appellee.
No. 88-1369.
District Court of Appeal of Florida, Fifth District.
May 11, 1989.
*350 Lisa D. Kahn of Kahn & Kahn, P.A., Melbourne, for appellant.
Andrew A. Graham and Maureen M. Matheson of Reinman, Harrell, Silberhorn & Graham, P.A., Melbourne, for appellee.
SHARP, Chief Judge.
Samuel Arthur appeals from the lower court's denial of his motion to abate the accrual of child support and alimony payments due under a dissolution judgment rendered September 4, 1984, and of his motion for relief from the judgment pursuant to Florida Civil Rule of Procedure 1.540. Arthur argues that the judgment is void because the complaint served upon him in New York state lacked sufficient allegations substantiating jurisdictional facts for service under Florida's long-arm statute,[1] and because it failed to give him due process notice of the judgment which was entered against him. We affirm.
Rosemarie Arthur filed a petition for dissolution of marriage in June of 1984. She recited the fact of the parties' marriage on December 24, 1955 in New York state; the existence of a minor child of the parties; the parties' execution of a property settlement agreement dated December 12, 1983; which was attached to the complaint; and her residence in this state for more than six months prior to filing the petition. She requested custody of the child, temporary child support and alimony because Samuel had failed to pay those sums agreed to in the settlement agreement, and "such other and further relief as this court may deem meet and just."
A summons and copies of the complaint and exhibit were personally served on Samuel in New York, pursuant to Florida's long-arm statute.[2] He does not deny that he received these documents. The summons notified him that he was required to serve written defenses on Rosemarie's attorney, whose address was provided, within twenty days of the service or a default would be entered against him.
Samuel declined to answer or appear. Two orders concerning temporary relief were entered in July of 1984. Copies were mailed to Samuel. On July 30, 1984, a default was entered against Samuel, and a copy thereof was also furnished to him. A default judgment was entered on August 3, 1984.
The matter was then set for trial. Samuel was not notified of the trial date. The final judgment is dated September 4, 1984. It requires Samuel to pay Rosemarie $700 per month periodic permanent alimony and $250 per month child support. It also incorporated the settlement agreement, and attached the original of that agreement. A copy of the judgment was mailed to Samuel.
At least six contempt and enforcement actions were filed against Samuel from 1984 to 1986 in Florida. Apparently Rosemarie's collection efforts in New York got Samuel's attention. On March 17, 1988, he filed a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(4) on the ground that the judgment was void. He alleged he had executed the settlement agreement, whereby he agreed to pay Rosemarie $50.00 per month permanent alimony and thirty-two percent of his *351 monthly income as child support for two children ($3,083.33 or $493.34 per child). He alleged lack of notice that he would be required to pay $700 in alimony and $250 per child, per month. He further alleged the judgment was void because the petition failed to set out the jurisdictional facts necessary to invoke Florida's long-arm jurisdiction in a dissolution case. He also filed a motion to abate child support and alimony payments and all accrued arrearages, for the same reasons.
Pursuant to section 48.193, Florida's long-arm statute in a dissolution case for all remedies such as alimony, child support, property transfers and attorney's fees,[3] the following contacts or events will enable this state to obtain personal jurisdiction over a person by personal service in another state:
With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not... .
§ 48.193(1)(e), Fla. Stat. (1987).
Failure to allege such jurisdictional facts is generally fatal. Service is void, and any judgment obtained is void. Hargrave v. Hargrave, 495 So.2d 904 (Fla. 1st DCA 1986); Laney v. Laney, 487 So.2d 1109 (Fla. 1st DCA 1986); Mouzon v. Mouzon, 458 So.2d 381 (Fla. 5th DCA 1984). Cf. Kimbrough v. Rowe, 479 So.2d 867 (Fla. 5th DCA 1985). A void judgment obtained without personal jurisdiction or subject matter jurisdiction may be set aside at any time. See Palmer v. Palmer, 479 So.2d 221 (Fla. 5th DCA 1985).
Rosemarie neglected to frame the allegations of her complaint with the jurisdictional facts set forth in section 48.193(1)(e) in mind. However, taking her complaint as a whole, and encompassing the property settlement agreement which was attached to and referenced by it,[4] we conclude that sufficient jurisdictional facts regarding a Florida marital domicile and Florida residency were stated to prevent the service and judgment thereafter obtained from being void.
The settlement agreement, which Samuel signed, recites that the parties married in 1955 and cohabited as husband and wife until 1982 when they separated. Seven children were born; two were minors at the time of the separation. The agreement further states that the parties jointly own a residence in Melbourne, Florida, "[w]hich is the marital residence." Although minimal, these allegations are sufficient to infer that Samuel had been a resident of Florida in 1982 and prior thereto; and at the time the petition was filed, that he was maintaining a marital residence in Melbourne, Florida for his family.[5]
In such a case, it is incumbent upon the party challenging personal jurisdiction to file a motion to dismiss and make a showing which challenges the disputed jurisdictional facts. Only then must the plaintiff (or petitioner) come forward with affidavits or other competent proofs to establish the jurisdictional allegations. Newton v. Bryan, 433 So.2d 577 (Fla. 5th DCA 1983); Pace Carpet Mills, Inc. v. Life Carpet & Tile Co., Inc., 365 So.2d 445 (Fla. 4th DCA 1978); Electro Engineering Products Company, Inc. v. Lewis, 352 So.2d 862 (Fla. 1977). Although not relevant to the resolution of this appeal, the lower court did hold a hearing in 1988 at which time Samuel attempted to establish nonjurisdictional facts. He claimed he was not living in Florida at the time the petition was filed. However, he admitted he maintained the home in Melbourne for his family, and that he resided there "sometimes" with Rosemarie and the children. He had a *352 Florida driver's license and had filed for a Florida homestead exemption for the Melbourne home.
Samuel also argues that the lower court erred by not setting the dissolution judgment aside because he had no notice the judgment would order him to make support payments different than those set forth in the settlement agreement. If the lower court had personal jurisdiction over Samuel, as we conclude it did, then this kind of challenge should have been brought within one year pursuant to Florida Rule of Civil Procedure 1.540(b)  not some four years later. A party who lets a default judgment be entered against him in a dissolution case has no right to notice of other proceedings which may result in obligations to pay support or attorney's fees. West v. West, 534 So.2d 893 (Fla. 5th DCA 1988). If Samuel permitted the default and judgment to go forward on the belief that the trial court would not vary the support awards, even though the complaint requested temporary alimony and child support and "such other relief as the court may deem meet and just", then it was incumbent upon him to seek relief from the judgment within one year. See Palmer; DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984).
There is no substantial issue here that Samuel did not receive due process notice of the complaint and the final judgment. They were served and mailed, respectively, to him at the address he agreed would constitute "sufficient notice" under the laws of Florida.[6] In fact, Samuel does not deny he did actually receive a copy of the summons, complaint, and trial judgment. Long-arm personal service is the most likely method by which to afford a respondent in a dissolution suit notice of the proceedings when in-state service is not available. Mouzon at 386. Since any defects in notice here are not sufficient to make the process void, but only voidable at best, Samuel's challenge, long after one year, is too late under rule 1.540(b). See Craven v. J.M. Fields, Inc., 226 So.2d 407 (Fla. 4th DCA 1969).
AFFIRMED.
DAUKSCH J., concurs.
COWART, J., dissents without opinion.
NOTES
[1] § 48.193(1)(e), Fla. Stat. (1987).
[2] §§ 48.193, 48.194, Fla. Stat. (1987).
[3] Mouzon v. Mouzon, 458 So.2d 381 (Fla. 5th DCA 1984).
[4] See Fla.R.Civ.P. 1.130; Arvanetes v. Gilbert, 143 So.2d 825 (Fla. 3d DCA 1962).
[5] See Pace Carpet Mills, Inc. v. Life Carpet & Tile Company, Inc., 365 So.2d 445 (Fla. 4th DCA 1978).
[6] Paragraph 16 of the agreement provides:

The parties further agree that should it become desirable or necessary to enforce this Agreement in any manner whatsoever subsequent to the execution hereof, written notice to their respective foregoing addresses shall constitute sufficient notice under the laws of the State of Florida for the purposes contained in such notice.