597 So.2d 957 (1992)
PLUESS-STAUFER INDUSTRIES, INC., Appellant,
v.
ROLLASON ENGINEERING & MANUFACTURING, INC., Appellee.
No. 91-1504.
District Court of Appeal of Florida, Fifth District.
May 1, 1992.
*958 Michael M. Bell and Andrew J. Leeper of Hannah, Marsee, Beik & Voght, Orlando, for appellant.
Bruce W. Flower, Maitland, for appellee.
GRIFFIN, Judge.
This is the appeal of an order denying a Motion for Relief from a default judgment entered against appellant Pluess-Staufer Industries ("PSI"). The principal issue on appeal is whether appellee Rollason Engineering & Manufacturing, Inc. ("Rollason") alleged sufficient jurisdictional facts in the complaint to permit the lower court to exert personal jurisdiction over PSI.[1]
Under Florida law, even the entry of a default judgment against a nonresident defendant cannot prevent assertion of lack of personal jurisdiction over a defendant when the complaint lacks sufficient jurisdictional allegations to bring the claim within the ambit of the long-arm statute. Mouzon v. Mouzon, 458 So.2d 381 (Fla. 5th DCA 1984), accord, Arthur v. Arthur, 543 So.2d 349 (Fla. 5th DCA 1989). Without a basis for jurisdiction appearing in the complaint and any attachments, service of long-arm process is void and any judgment obtained is also void. Plummer v. Hoover, 519 So.2d 1158 (Fla. 5th DCA 1988); International Harvester Co. v. Mann, 460 So.2d 580 (Fla. 1st DCA 1984), Dimino v. Farina, 572 So.2d 552 (Fla. 4th DCA 1990); Kennedy v. Reed, 533 So.2d 1200 (Fla. 2d DCA 1988).
The complaint in this case affirmatively alleged that PSI was a Vermont corporation (with a Vermont statutory agent for service of process) against whom Rollason was seeking indemnity for a lawsuit filed in New Jersey. It is totally devoid of any allegation from which any basis whatsoever for jurisdiction could be gleaned or even inferred. This complaint could not support exercise of jurisdiction and entry of a judgment by a Florida court. The trial court should have set aside the default judgment and allowed Rollason to amend its complaint to plead its basis for jurisdiction.
REVERSED and REMANDED.
W. SHARP and DIAMANTIS, JJ., concur.
NOTES
[1] In fairness to the trial court we note that the principal issue argued on appeal and on which we reverse was only barely raised below by motion. The controlling authorities on the issue were not brought to the trial court's attention. Had the issue been appropriately presented to the trial court, a great deal of the parties' expense and the courts' time would likely have been saved.