PER CURIAM.
Edina Technical Products, Inc. appeals an order denying its motion to quash service of process and dismiss amended complaint. We affirm the trial court’s finding of jurisdiction under section 48.181, Florida Statutes (1991), but reverse that portion of the order which sustains the service of process under section 48.161.
The amended complaint alleges that Edina is doing business in Florida by selling vending machines and parts in Florida through distributors located in Florida. Although Edina challenged the jurisdictional allegations, the deposition and affidavit of its Florida agent and the affidavit of a Florida customer demonstrate the requisite control over the product necessary to sustain jurisdiction under the statute. See Law Offices of Evan I. Fetterman v. Inter-Tel, 480 So.2d 1382 (Fla. 4th DCA 1985).
However, the record demonstrates plaintiffs’ failure to timely file their affidavit of compliance under section 48.161. Plaintiffs do not allege, and the record does not otherwise reveal, that they sought and received an extension of time to comply. See generally, Trawick, Florida Practice and Procedure, § 8-16. Upon remand, plaintiffs shall be permitted another opportunity to perfect service of process. Law Offices of Evan I. Fetterman, 480 So.2d at 1386.
Affirmed in part, reversed in part, and remanded for further proceedings.
SMITH, ALLEN and DAVIS, JJ., concur.