671 So.2d 884 (1996)
Tom WRENN, Appellant,
v.
Patricia A. McDONNELL, Appellee.
No. 95-1272.
District Court of Appeal of Florida, Fifth District.
April 19, 1996.
Franz F. Springmann, Barnett, Barclay & Springmann, P.A., Orlando, for Appellant.
Marc L. Lubet of Lubet & Blechman, Orlando, for Appellee.
PETERSON, Chief Judge.
Tom Wrenn appeals a judgment of paternity after a default was taken against him by Patricia A. McDonnell, the mother of the child. Wrenn alleges for the first time on appeal that the trial court lacked personal jurisdiction over him to enter the judgment. We agree and reverse on the authority of *885 Mouzon v. Mouzon, 458 So.2d 381 (Fla. 5th DCA 1984).
McDonnell filed a complaint to establish paternity on October 6, 1994. Attached to the complaint was a UCCJA affidavit in which McDonnell stated she had not participated in any other litigation concerning the custody of the child, except that she had filed a motion to dismiss in a suit brought by Wrenn in Cook County, Illinois. In her affidavit, McDonnell asserted that Florida was the proper forum because the child had never resided in Illinois.
Wrenn's Cook County petition was also attached to McDonnell's complaint. Wrenn's petition contained allegations that during the time the parties resided in Cook County, Illinois, they had engaged in sexual intercourse resulting in McDonnell's pregnancy. Wrenn stated that he desired to establish his paternity, or lack thereof, and that, if he were determined to be the father, he wished to establish a relationship with the child, to have custodial and visitation rights, and to fulfill his financial obligations and other duties.
The jurisdictional allegations of McDonnell's Florida complaint set forth only that she and the child have resided in Florida since the child's birth and that Wrenn is a resident of Illinois. Wrenn argues that the trial court never acquired personal jurisdiction over him because McDonnell's complaint did not allege facts establishing jurisdiction. Section 48.193, Florida Statutes, (1993) provides:
48.193. Acts subjecting person to jurisdiction of courts of state
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
* * * * * *
(h) With respect to a proceeding for paternity, engaging in the act of sexual intercourse within this state with respect to which a child may have been conceived.
McDonnell's complaint does not allege that Wrenn engaged in sexual intercourse within this state with respect to which a child may have been conceived.
In Pluess-Staufer Industries v. Rollason Eng'g. & Mfg., Inc., 597 So.2d 957 (Fla. 5th DCA), rev. denied, 606 So.2d 1166 (Fla.1992), this court observed:
[U]nder Florida law, even the entry of a default judgment against a nonresident defendant cannot prevent assertion of lack of personal jurisdiction over a defendant when the complaint lacks sufficient jurisdictional allegations to bring the claim within the ambit of the long-arm statute. Mouzon v. Mouzon, 458 So.2d 381 (Fla. 5th DCA 1984), accord, Arthur v. Arthur, 543 So.2d 349 (Fla. 5th DCA 1989). Without a basis for jurisdiction appearing in the complaint and any attachments, service of long-arm process is void and any judgment obtained is also void. Plummer v. Hoover, 519 So.2d 1158 (Fla. 5th DCA 1988); International Harvester Co. v. Mann, 460 So.2d 580 (Fla. 1st DCA 1984); Dimino v. Farina, 572 So.2d 552 (Fla. 4th DCA 1990); Kennedy v. Reed, 533 So.2d 1200 (Fla. 2d DCA 1988).
We vacate the final judgment of paternity for lack of jurisdiction.
FINAL JUDGMENT VACATED.
DAUKSCH and COBB, JJ., concur.