PER CURIAM.
The seller/plaintiff below, 8911 Normandy Beach, Inc., appeals the dismissal of its complaint against Thomas C. Kearns for lack of personal jurisdiction. We reverse.
Thomas C. Kearns, an Illinois attorney, is holding $225,000 in his escrow account at his client’s request. The $225,000 represents deposits made by Kearns’ client for the purchase of four condominium units located in Dade County, Florida. The purchase agreements provided that the seller is entitled to retain the deposits as liqui *157 dated damages in the event that the purchaser breached the purchase agreements. Based on an allege breach of the purchase agreements, the seller is seeking the $225,-000 deposit as liquidated damages. Kearns has refused to deposit the $225,000 into the court registry in Dade County. As a result, the seller has also filed suit against Kearns.
Kearns filed a motion to dismiss arguing that he lacks the minimum contacts necessary for personal jurisdiction because his only contacts with Florida are two letters that he wrote to the seller’s agent acknowledging that he was holding the purchaser’s deposits in his escrow account. The trial court granted Kearns’ motion to dismiss.
The plaintiff contends that the trial court erred by granting the motion to dismiss. We agree.
Sufficient minimum contacts exist between Florida and a nonresident defendant if the nonresident defendant, because of his conduct and connection with Florida, should reasonably anticipate being haled into court in Florida. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 500 (Fla.1989); World Class Yachts, Inc. v. Murphy, 731 So.2d 798, 799 (Fla. 4th DCA 1999); Peznell v. Doolan, 722 So.2d 881 (Fla. 2d DCA 1998); Hachette Groupe Livre v. 3 Dolphin Indus. Corp., 717 So.2d 622 (Fla. 3d DCA 1998). Further, “[depending upon the facts, a single transaction by the out-of-state defendant may be enough to permit the exercise of jurisdiction in Florida.” Law Offices of Evan I. Fetterman v. Inter-Tel Inc., 480 So.2d 1382, 1386 (Fla. 4th DCA 1985).
In the instant case, Kearns involved himself in four real estate transactions for properties located in Dade County, Florida, by agreeing to act as the escrow agent for the deposits made by his client, the purchaser. Based on the fact that the purchase agreements contained liquidated damage clauses, that Kearns is holding the deposits in his escrow account, and that Kearns has refused to tender the deposits held in his escrow account into the court registry, minimum contacts exist between Florida and Kearns such that he should reasonably anticipate being haled into court in Florida. Therefore, the trial court’s order granting Kearns’ motion to dismiss for lack of personal jurisdiction is reversed.
Reversed.