PER CURIAM.
Appellant Mario J. Miranda challenges the in personam jurisdiction the trial court found him subject to by virtue of the Florida Long Arm Statute. The crux of our agreement with the trial court is that it was Miranda himself who approached Wilfredo Agusti of the appellee corporation to solicit and negotiate the purchase of shoes. Miranda physically was in the appellee’s office in Dade County, looked over the stock and took samples of the shoes back to Costa Rica. One check was drawn by Miranda on a Dade County bank payable to appellee, and it was Miranda who called Agusti to offer to sign a personal guarantee to ensure Glamour’s shipment of shoes after the purchaser in Costa Rica defaulted. Consequently, the argument that most of the payments were made by checks in Costa Rica is unavailing. As the trial judge concluded, by Miranda’s actions, he should have reasonably anticipated being haled into court in Florida. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 500 (Fla.1989); 8911 Normandy Beach, Inc. v. Kearns, 739 So.2d 156, 157 (Fla. 3d DCA 1999); World Class Yachts, Inc. v. Murphy, 731 So.2d 798, 799 (Fla. 4th DCA 1999); Hachette Groupe Livre v. 3 Dolphin Indus. Corp., 717 So.2d 622 (Fla. 3d DCA 1998); Law Offices of Evan I. Fetterman v. Inter-Tel Inc., 480 So.2d 1382, 1386 (Fla. 4th DCA 1985).
Affirmed.