KELLY, Judge.
Ebrahim Rafaeil (father) appeals from a final judgment of paternity and custody. Because the trial court erroneously concluded it had jurisdiction over Mr. Rafaeil, we reverse.
Katherine Rafaeil (mother) filed a petition seeking a determination of paternity, custody, visitation, and child support in Polk County, Florida. The petition alleged that the father was a resident of the state of New York and that in 1990, the mother and the father had associated with each other, became intimate, and engaged in sexual intercourse resulting in the conception of a child born in 1991. The relationship continued resulting in the birth of a second child in 1994. The mother alleged that the first child was born in Polk County, but did not allege where the second child was born. The petition did not allege where the acts of sexual intercourse occurred. The father argues that the petition does not allege sufficient facts to es *203 tablish personal jurisdiction over him. We agree.
In determining whether long-arm jurisdiction exists, a court must first consider whether the complaint alleges a basis for jurisdiction under Florida’s long-arm statute, section 48.193, Florida Statutes (2000). Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). Section 48.193 specifies the acts that will subject an individual to the jurisdiction of Florida courts. Section 48.193(l)(h), provides:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
* * iji i|i
(h) With respect to a proceeding for paternity, engaging in the act of sexual intercourse within this state with respect to which a child may have been conceived.
The mother’s petition failed to allege that she and the father engaged in sexual intercourse within the state of Florida which resulted in the conception of these children. Accordingly, the petition does not allege sufficient facts to establish long-arm jurisdiction under section 48.193(l)(h). See Wrenn v. McDonnell, 671 So.2d 884 (Fla. 5th DCA 1996).
Section 48.193(l)(e), Florida Statutes (2000), provides long-arm jurisdiction in an action for child support if the parties maintained a matrimonial domicile in this state at the time the action was commenced or if the- father resided in this state when the action was commenced. It is undisputed that the parties were not married when this action was filed and that the father was a resident of the state of New York. Accordingly, the petition does not allege sufficient facts to establish long-arm jurisdiction under section 48.193(l)(e). See Garrett v. Garrett, 652 So.2d 378 (Fla. 1st DCA 1994).
Because there are no other grounds upon which the trial court could exercise long-arm jurisdiction over the father, the final judgment of paternity and custody is reversed, and this case is remanded with instructions to dismiss the petition.
Reversed and remanded with instructions.
WHATLEY and STRINGER, JJ., Concur.