CASANUEVA, Judge.
After sheltering S.M. in the days following her premature birth, the Department of Children and Family Services filed a petition to declare her a dependent child. During the dependency proceedings, S.M.’s mother testified that she did not know she was pregnant until she gave birth to the child, that she moved' from Philadelphia, Pennsylvania, to Florida soon after S.M. was conceived, that the child’s father was E.K., with whom she maintained a sexual relationship in Pennsylvania for approximately twenty-two years, and that E.K. had never traveled outside of Pennsylvania. Upon being served with the petition and other papers, E.K, without submitting himself to the jurisdiction of the court and without admitting or denying paternity, filed several motions, including a motion to dismiss for lack of personal jurisdiction. The circuit court denied his motion on the ground that personal jurisdiction was irrelevant in a dependency action and ordered E.K to submit to paternity testing. We reverse, and in doing so distinguish between the inherent authority of the circuit court to adjudicate a child dependent and its lack of power to determine paternity of a parent who possesses no jurisdictional ties to this state.
When he was first notified of the dependency action, E.K. hired an attorney who moved to dismiss on the basis of insufficient service of process and lack of jurisdiction. The trial court moved forward and adjudicated dependency as to the mother; however, the court continued the dependency arraignment as to E.K pending proof of personal service on him.
Ultimately, E.K. was personally served by the sheriff of Montgomery County, Pennsylvania, with a summons and notice of an arraignment hearing. The papers contained the following bold warning required by section 39.506(3), Florida Statutes (2003):
FAILURE TO PERSONALLY APPEAR AT THE ARRAIGNMENT HEARING CONSTITUTES CONSENT TO THE ADJUDICATION OF THIS CHILD (OR CHILDREN) AS A DEPENDENT CHILD (OR CHILDREN) AND MAY ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR CHILDREN).
The papers contained an additional warning that E.K. could be held in contempt of court if he failed to appear.
At the hearing, E.K’s attorney vigorously objected to any notion that the circuit court in Florida could assert personal jurisdiction over his Pennsylvania client pursuant to the Florida long-arm statute, *722 section 48.193(l)(h), Florida Statutes (2003), which provides that a nonresident person submits himself to the jurisdiction of this state “[w]ith respect to a proceeding for paternity, [by] engaging in the act of sexual intercourse within this state with respect to which a child may have been conceived.” As E.K’s attorney argued, by its obvious terms, this statute is inapplicable to E.K. because the Department has never alleged that he engaged in sexual intercourse in Florida. Furthermore, to the extent that the dependency action would ultimately lead to a proceeding for child support, section 48.193(l)(e) is likewise unavailable because E.K. neither maintained a matrimonial domicile nor resided in Florida prior to the commencement of the action. Moreover, E.K.’s attorney raised significant constitutional due process concerns, based on E.K’s lack of minimum contacts with the state, citing Kulko v. Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).
The circuit court rejected E.K’s arguments on the basis that personal jurisdiction over the parents is irrelevant in a dependency action. Rather, the judge reasoned, the court’s jurisdiction attaches when the Department demonstrates that a child’s best interests are in jeopardy, and the court can declare the child dependent whether or not the parents appear at the arraignment.
We agree with the circuit court’s conclusion that its jurisdiction over the child in a dependency action is irrelevant to personal jurisdiction over the parents. Section 39.013(2) confers upon the circuit court original jurisdiction in dependency proceedings. And, as stated in section 39.506(3), “[fjailure of a person served with notice to personally appear at the arraignment hearing constitutes the person’s consent to a dependency adjudication.” This is the rationale behind the requirement of the bold warning on the notice E.K. received.
Here, however, the circuit court declined to enter a default and declare the child dependent as to E.K. Instead, the court ordered E.K. to cooperate with a paternity test before a determination of dependency and denied his motion to dismiss. We hold that the circuit court erred in ordering E.K., an out-of-state resident with absolutely no connections to Florida, to submit to paternity testing before moving forward with the dependency action.
E.K. was originally named as a putative father at the inception of these proceedings, when the circuit court conducted an inquiry of the mother pursuant to section 39.503(1) regarding the father’s identity. E.K. received notice of the proceedings under section 39.503(3). Section 39.502(7) specifically provides that “service of the summons and service of pleadings ... on persons outside this state must be made pursuant to s. 61.509 [formerly § 61.1312.],” which is part of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), section 61.501-.542, Florida Statutes (2003). “Child custody proceedings,” defined in section 61.503(4) of the UCCJEA, include proceedings for dependency or paternity in which the issue of legal or physical custody may appear. Furthermore, section 61.507 provides that if a person is validly served or given notice in accordance with section 61.509, and if the court has jurisdiction, the court’s child custody determination “is conclusive as to all decided issues of law and fact except to the extent the determination is modified.”
Given the interplay of the UCCJEA with chapter 39, E.K.’s lawyer professed well-founded apprehension that if personal jurisdiction over E.K. had attached when he was served in Pennsylvania with the summons for the arraignment, then E.K. would be exposed to potential liability for *723 child support after the child was adjudicated dependent. For instance, section 39.521(d)(7) provides that, for a child like S.M. who is in out-of-home placement, “the court may exercise jurisdiction over all child support matters, shall adjudicate the financial obligation of the child’s parents or guardian, and shall enforce the financial obligation as provided in chapter 61.” And, because the court believed it could exercise jurisdiction over E.K. to order paternity testing, this anxiety was certainly legitimate.
E.K’s status as a putative parent could not become that of a parent with all attendant rights and obligations absent a determination of paternity. Chapter 39 addresses a situation somewhat analogous to E.K’s wherein the known parent contests the recognition of a prospective parent who has filed a sworn affidavit of parenthood. In that instance, “the prospective parent shall not be recognized as a parent until proceedings under chapter 742 have been concluded. However, the prospective parent shall continue to receive notice of hearings as a participant pending results of the chapter 742 proceedings.” § 39.503(8).
Paternity actions pursuant to chapter 742, Florida Statutes (2003), can be brought “in the circuit court of the county where the plaintiff resides or of the county where the defendant resides.” § 742.021. The Uniform Interstate Family Support Act (UIFSA), chapter 88, Florida Statutes (2003), is the vehicle for Florida courts to establish jurisdiction over certain nonresidents in proceedings to determine parentage. However, section 88.2011 lists eight bases for jurisdiction over nonresidents, all of which require some connection with this state unless the individual submits to the jurisdiction of the Florida courts and none of which apply to E.K.
Thus, should the Department or the mother desire to establish E.K’s paternity, it appears that they must go to the courts of Pennsylvania and institute a paternity or support action there. If any orders as to E.K’s parentage are ultimately entered, section 742.105 provides that they “shall be given the same legal effect as if such final order was entered ... pursuant to this chapter.”
The case law supports this interpretation of the statutes. In Department of Health & Rehabilitative Services v. Wright, 522 So.2d 838 (Fla.1988), the court upheld the dismissal of a paternity complaint by a resident of Florida against an alleged nonresident of Florida who lived in Idaho. Under the long-arm statute then in effect, section 48.193(l)(e), Florida Statutes (1983), the circuit court could not obtain personal jurisdiction over the defendant because he did not maintain a matrimonial domicile in Florida when the action was commenced nor did he reside in Florida prior to the commencement of the action. More recently, this court examined the bases for jurisdiction under the current long-arm statute in a paternity action in Rafaeil v. Rafaeil, 832 So.2d 202 (Fla. 2d DCA 2002), and reversed the denial of a motion to dismiss the petition for lack of jurisdiction. There, the petition did not allege that the parties had maintained a matrimonial domicile in Florida, nor that the alleged father resided in Florida when the action commenced, nor that the mother and alleged father engaged in sexual intercourse in Florida- that resulted in the conception of the children. In this case, S.M.’s mother affirmatively negated each basis for assertion of jurisdiction over E.K. As the Fifth District observed in Pluess-Staufer Industries v. Rollason Engineering & Manufacturing, Inc., 597 So.2d 957, 958 (Fla. 5th DCA 1992) (citations omitted), cited in Wrenn v. McDonnell, 671 So.2d 884, 885 (Fla. 5th DCA 1996):
*724 [U]nder Florida law, even the entry of a default judgment against a nonresident defendant cannot prevent assertion of lack of personal jurisdiction over a defendant when the complaint lacks sufficient jurisdictional allegations to bring the claim within the ambit of the long-arm statute. Without a basis for jurisdiction appearing in the complaint and any attachments, service of long-arm process is void and any judgment obtained is also void.
Accordingly, we hold that the circuit court erred in denying E.K’s motion to dismiss for lack of personal jurisdiction and in ordering E.K. to submit to paternity testing. We remand for further proceedings consistent with this opinion.
Reversed and remanded.
SALCINES and DAVIS, JJ., concur.