KELLY, Judge.
The Department of Revenue appeals from the trial court’s order that dismisses its complaint to determine paternity on the basis that the Department failed to establish personal jurisdiction over the appel-lee/putative father who resides in North Carolina. Because the complaint alleges sufficient facts to establish long-arm jurisdiction, we reverse and remand for further proceedings.
Section 48.193, Florida Statutes (1991), states, “[wjith respect to a proceeding for paternity,” a person subjects himself to the jurisdiction of the courts of this state by “engaging in the act of sexual intercourse within this state with respect to which a child may have been conceived.” § 48.193(l)(h). The Department’s complaint to determine paternity on behalf of the mother alleged that “the court has personal jurisdiction of the Defendant/Respondent in that the child may have been conceived in the State of Florida.” The complaint further alleges, “[o]n or about December 1991, named Plaintiff/Petitioner and Defendant/Respondent began associating with each other and became intimate and, thereafter, had sexual intercourse, and named Plaintiff/Petitioner became pregnant with child.”
Thus, the complaint alleges that the mother and the appellee engaged in sexual intercourse resulting in the conception of the child in Florida. Although the complaint does not perfectly track the language of the statute, these facts sufficiently establish a basis for long-arm jurisdiction over the appellee. See Rafaeil v. Rafaeil, 832 So.2d 202 (Fla. 2d DCA 2002) (holding that to establish long-arm jurisdiction over a nonresident putative father, a complaint to establish paternity must allege that the mother and the father engaged in sexual intercourse within the state of Florida which resulted in the conception of the child).
Accordingly, we reverse and remand for further proceedings.
VILLANTI, J., Concurs.
ALTENBERND, J., Concurs with opinion.